The People, Complainant and Respondent, *v.* Muñoz, Defendant and Appellant.

Appeal from the District Court of Mayagüez in a Prosecution for False Representation.

No. 730.—Decided April 22, 1915.

False Representation—Complaint.—The complaint in this case charged that by false and fraudulent pretences the defendant obtained from the prosecuting witness the sum of $35 and appropriated the same to his own use. *Held:* That the complaint was sufficient according to section 470 of the Penal Code.

Complaint.—Generally; a complaint is sufficient when it substantially follows the language of the statute.

ID.—INFORMATION.—The same strictness is not required in complaints as in infor-
    mations drawn up by *fiscals,* it being sufficient if it inform the defendant
    of the charge made against him.

The facts are stated in the opinion.

*Messrs. Feliú & Ramírez* for the appellant.

*Mr. Salvador Mestre, fiscal,* for The People.

MR. JUSTICE ALDREY delivered the opinion of the court.

The appellant, Herminio Muñoz, was charged in the Mu-
nicipal Court of Mayagüez with the crime of false represen-
tation in having obtained by false and fraudulent pretences
the sum of $35 from José Monserrate Ramírez and appro-
priated the same to his own use. At the beginning of the
trial in the District Court of Mayagüez on appeal the defend-
ant made a motion for dismissal of the prosecution on the
ground that a compromise had been made with the injured
party, which motion the court overruled. In the appeal taken
from the judgment of conviction the first ground alleged is
error of the court in overruling the said motion.

In discussing this assignment of error the appellant ad-
mits that under section 446 of the Code of Criminal Proce-
dure the dismissal of the prosecution and discharge of the
defendant asked for on the ground that the injured party had
been indemnified, rests in the discretion of the court. He
also acknowledges that this court has held on several occa-
sions that it will not interfere with the exercise of the dis-
cretion of the lower courts unless it is shown that in their rul-
ings they have abused the discretional powers which are
conferred upon them by law in certain cases, and, therefore,
limiting his arguments to that point, he submits to our con-
sideration the contention that the action of the court *a quo*
was erroneous. The appellant, however, does not present any
data or argument to show in what particular there was any
abuse of discretion or in what respect the ruling of the court
overruling his motion was defective, but only alleges that the
motion was accompanied by a statement signed by the injured
party to the effect that he had received complete satisfaction

from the defendant and had no desire to injure him, and that, moreover, the appellant was disposed to pay the costs and to comply with the requirements prescribed by section 446.

These were the facts submitted to the court for consideration and decision when, in the exercise of its discretion, it overruled the motion, and as the appellant submits nothing from which we may deduce that the court abused its discretion or that it committed error in its ruling, applying our repeated jurisprudence to this point, we will not disturb that ruling but respect it and hold that there was no error or abuse of discretion.

Moreover, the acknowledgment signed by the injured party is not included in the transcript of the record, which does contain, however, his testimony to the effect that although he signed a paper in which he acknowledged that he had received full satisfaction from the accused and that he had been reimbursed the total sum of which he had been defrauded, he had received nothing and that he signed it only because he took into account that the accused was the head of a family. This further confirms the justice of the ruling inasmuch as the prosecuting witness was not really compensated for his loss.

The second ground of error alleged is that the complaint is insufficient for failure to state facts constituting a crime and that the court should have sustained the demurrer thereto on that ground.

The complaint which is demurred to reads as follows:

"Municipal Court of Mayagüez, P. R. United States of America, The President of the United States. *The People of Porto Rico* v. *Herminio Muñoz,* ss: I, Monserrate Ramírez, resident of Mayagüez, 46 years of age, charge Herminio Muñoz with the crime of false representation, committed in the following manner: That in Salud Street of the Municipal Judicial District of Mayagüez, at 8 p. m. on July 11, said defendant, by false and fraudulent pretenses obtained from the complainant the sum of $35, which he appropriated to his own use, defrauding me of the said amount, the following being witnesses:

Natalio Muñoz, Martín Arce, Esteban Flores, José Ortega and José Cordero. (Signed) José Mte. Ramírez, complainant. Sworn to before me this 11th day of July, 1914. (Signed) Tomás Bryan, Judge of the Municipal Court of Mayagüez."

The pertinent part of the section of the code under which the charge was made reads as follows:

"Section 470.—Every person who knowingly and designedly, by false or fraudulent representation or pretenses, defrauds any other person of money or property * * * is punishable in the same manner and to the same extent as for larceny of the money or property so obtained."

Comparing this section with the wording of the complaint, we see that the latter substantially follows the language of the statute, and we have said on more than one occasion that this is generally sufficient and that the same strictness is not required in complaints as in informations filed by the *fiscals*, it being sufficient if the defendant is informed of the charge made against him. *The People v. Birriel*, 18 P. R. R., 260; *The People v. Ortiz*, 17 P. R. R., 860; *The People v. Fontana*, 16 P. R. R., 626; *The People v. Aranda*, 12 P. R. R., 302; *The People v. Bonilla*, 13 P. R. R., 41.

Although the appellant notes the omission of the words "knowingly and designedly" from the complaint and of a recital of the manner in which the act of false representation was committed, still we think that as this is a complaint it was not necessary to prepare it so perfectly as a *fiscal* would have done and that it sufficiently informs the defendant of the crime with which he is charged.

The third and last ground of the appeal is that the prosecution did not prove that the appellant committed the crime of which he was convicted. The evidence consists of the testimony of three witnesses which, taken as a whole, shows that José Monserrate Ramírez, the complainant, was in the habit of giving money to Martín Arce for election expenses; that on the day referred to in the complaint a person representing himself to be Martín Arce asked the defrauded party

by telephone for $300, saying that he would send for it; that shortly after a brother of the defendant called Macario went to get the money; that Arce made no request by telephone for any money and did not receive it and that Macario went to get it because his brother, the defendant, told him almost in the presence of Martín Arce to go to Ramírez's house and get something there for Arce, which he did and delivered the money to his brother to give to Arce who had left by the time he got back. The defendant was Arce's secretary at that time.

This summary of the evidence is enough to show that it was sufficient to support the judgment of conviction against the defendant for the crime charged.

The judgment should be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.